UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | |
|---|---|
| MICHAEL GARZA, § | |
| § | |
| Plaintiff, § | |
| VS. § | CIVIL ACTION NO. 2:15-CV-149 |
| § | |
| SCOTTSDALE INSURANCE § | |
| COMPANY, *et al*, § | |
| § | |
| Defendants. § | |

## ORDER REMANDING CASE

This is an insurance coverage dispute arising from hail storm damage to Plaintiff Michael Garza's home. Scottsdale Insurance Company (Scottsdale) timely removed the case from state court on the basis of diversity jurisdiction, with its allegation that the non-diverse claims adjusters, Defendants Wardlaw Claims Service, L.L.P. and Michael Clark (jointly Adjusters), were improperly joined. Before the Court is Plaintiff's Motion to Remand (D.E. 4). For the reasons set out below, the Court GRANTS the Motion.

Diversity jurisdiction requires the citizenship of all plaintiffs to be diverse from the citizenship of all defendants and the amount in controversy to exceed the sum or value of $75,000, exclusive of interest and costs. 28 U.S.C. § 1332. It is undisputed that the parties, with the exception of Defendant Adjusters, are diverse and that the amount in controversy exceeds the sum of $75,000. D.E. 1, 4. Therefore, the only issue for the Court is whether Defendant Adjusters were improperly joined such that their non-diverse citizenship may be disregarded.

A. **The Standard of Review**

On a motion to remand, "[t]he removing party bears the burden of showing that federal jurisdiction exists and that removal was proper." *Manguno v. Prudential Prop. & Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002). "Any ambiguities are construed against removal because the removal statute should be strictly construed in favor of remand." *Id*. The strict construction rule arises because of "significant federalism concerns." *See generally, Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 108–09 (1941).

"The party seeking removal bears a heavy burden of proving that the joinder of the in-state party was improper." *Smallwood v. Illinois Cent. R.R. Co.*, 385 F.3d 568, 574 (5th Cir. 2004) (en banc). The removing party proves improper joinder by demonstrating: (1) actual fraud in the pleading of jurisdictional facts; or (2) the inability of the plaintiff to establish a cause of action against the non-diverse defendant in state court. *See Crockett v. R.J. Reynolds Tobacco Co.*, 436 F.3d 529, 532 (5th Cir. 2006) (citing *Travis v. Irby*, 326 F.3d 644, 646–47 (5th Cir. 2003)); *see also Boone v. Citigroup, Inc.*, 416 F.3d 382, 388 (5th Cir. 2005). Only the second method is at issue here.

The motion to remand must be granted unless "there is absolutely no possibility that the plaintiff will be able to establish a cause of action against the non-diverse defendant in state court." *Griggs v. State Farm Lloyds*, 181 F.3d 694, 699 (5th Cir. 1999). Plaintiff alleges that Defendant Adjusters knowingly misrepresented policy coverage, undervalued his claim, intentionally excluded portions of covered damage, and failed to attempt in good faith to effectuate a prompt, fair, and equitable settlement of the claim. Plaintiff's causes of action against Defendant Adjusters are stated as:

noncompliance with the Texas Insurance Code's unfair settlement prohibitions; common law fraud; and conspiracy to commit fraud. D.E. 1–3. *See e.g.*, Tex. Ins. Code §§ 541.002, 541.060, 541.151; *Liberty Mutual Ins. Co. v. Garrison Contractors, Inc.*, 966 S.W.2d 482, 484 (Tex. 1998). Claims similar to those of Plaintiff have been held sufficient to defeat improper joinder claims in similar cases in all of the federal districts of Texas. *See e.g., Tenner v. Prudential Ins. Co. of Am.*, 872 F. Supp. 1571, 1574 (E.D. Tex. 1994); *Blanchard v. State Farm Lloyds*, 206 F. Supp. 2d 840, 846–48 (S.D. Tex. 2001); *Russell v. State Farm Lloyds*, 2001 WL 1326501 (N.D. Tex. 2001) (mem.); *Bruner v. State Farm Lloyds*, 1999 WL 33290662 (W.D. Tex. 1999).

### B. Adjusters Are Subject to Causes of Action for Texas Insurance Code Violations and Fraud.

Scottsdale concedes that Defendant Adjusters are subject to the requirements of the Texas Insurance Code. D.E. 5, p. 4. Instead of challenging that statutory liability, Scottsdale argues that there is no **reasonable** possibility of recovery against Defendant Adjusters because claims against them must involve conduct and causation independent of an adverse insurance policy decision and because the pleadings are factually insufficient. D.E. 5, p. 4 (emphasis in original).

Scottsdale relies heavily on *JAW The Pointe, L.L.C. v. Lexington Insurance Company*, No. 13-0711, 2015 WL 1870054, *3 (Tex. Apr. 24, 2015) (not yet released for publication) for the proposition that only extreme conduct producing damages unrelated to the amount covered by the claim will give rise to bad faith, extra-contractual liability. *JAW* was a coverage decision on a matter of first impression. Because the court found

that the policy did not cover the insured's loss, it held that the insured could not recover on its statutory bad faith claims. The holding in *JAW* does not apply to claims against adjusters who do not ordinarily have liability on the policy and allegedly engage in conduct calculated to impair an insured's ability to collect on his claim.

More specifically, the coverage decisions and assessment of damages in this case appear to be uncomplicated. The conduct complained of involves misrepresenting coverage and intentionally omitting items of property damage in order to underpay the claim—an alleged systemic occurrence with Defendant Scottsdale Insurance Company. Allegations of fraud and conspiracy involving Defendant Adjusters are included. It cannot be said that these complaints as asserted against adjusters are essentially doomed before they start because they do not involve "extreme" conduct or extra-contractual damages. Nothing in the *JAW* opinion requires such a holding. The Court rejects Scottsdale's first argument as an inappropriate construction of Plaintiff's complaints and an unduly narrow application of rules of insurance carrier liability as applied to adjusters, who are independent defendants.

### C. Plaintiff Has Satisfied Texas Pleading Rules.

Scottsdale's second argument is that Plaintiff has not satisfied pleading rules because, while federal courts often apply Texas "fair notice" pleading rules in removal decisions, Texas pleading rules are no longer as liberal as they once were. Scottsdale refers to newly adopted Texas Rule of Civil Procedure 91a, which provides for dismissal "on the grounds that [the cause of action] has no basis in law or fact." Rule 91a.1. Thus

Scottsdale advocates the imposition of federal pleading standards along with an analysis akin to that applied under Federal Rule of Civil Procedure 12(b)(6).

This Court has previously observed that courts in the Southern District of Texas have held that state standards are applied to the evaluation of improper joinder claims when they are more lenient than federal standards. *Saenz v. IDS Prop. Cas. Ins. Co.*, No. 2:14-CV-338, 2014 WL 5325053, *1 (S.D. Tex. Oct. 17, 2014) (citing *Stevenson v. Allstate Texas Lloyd's*, No. 11–cv–3308, 2012 WL 360089, *3 (S.D.Tex. Feb. 1, 2012) and *Edwea, Inc. v. Allstate Ins. Co.*, No. H–10–2970, 2010 WL 5099607, 2010 U.S. Dist. LEXIS 129582 (S.D.Tex. Dec. 8, 2010). Thus this Court has applied Texas "fair notice" pleading standards. *Saenz, supra*.

Scottsdale argues, however, that the state standard has changed with the advent of the new Texas Rule 91a. In evaluating that argument, this Court must look to Texas courts' interpretation of Texas rules.

> When evaluating issues of state law, federal courts look to the final decisions of that state's highest court. In the absence of such a decision, federal courts must make an *Erie* guess and determine, in their best judgment, how the supreme court of that state would resolve the issue if presented with the same case. In making an *Erie* guess, federal courts defer to intermediate state appellate court decisions, unless convinced by other persuasive data that the highest court of the state would decide otherwise.

*Temple v. McCall*, 720 F.3d 301, 307 (5th Cir. 2013) (internal quotation and editing marks omitted; citations omitted). According to an intermediate Texas appellate court, the application of the "fair notice" standard has not changed.

In the context of Texas Rules of Civil Procedure Rule 91a, and after considering Federal Rules of Civil Procedure Rule 12(b)(6) practice, the Texas Fourteenth Court of Appeals observed:

> We conclude that both determinations of whether a cause of action has any basis in law and in fact are legal questions that we review de novo, based on the allegations of the live petition and any attachments thereto. In conducting our review, similar to the analogous [federal] situations discussed above, we must construe the pleadings liberally in favor of the plaintiff, look to the pleader's intent, and accept as true the factual allegations in the pleadings to determine if the cause of action has a basis in law or fact. ***In doing so, we apply the fair notice pleading standard applicable in Texas to determine whether the allegations of the petition are sufficient to allege a cause of action***.

*Wooley v. Schaffer*, 447 S.W.3d 71, 76 (Tex. App.—Houston [14th Dist.] 2014, pet. filed) (emphasis added). Scottsdale has failed to offer any data to show that the Supreme Court of Texas would determine this issue differently. And the federal case law briefing Scottsdale offered for consideration involves opinions that either pre-date the *Wooley* decision or do not consider it at all.[1] Thus it appears that Texas Rule 91a may provide a new vehicle for dismissing unwarranted claims at an earlier stage in the proceedings, but it does not change the standard for evaluating those claims before trial.

Under the Texas "fair notice" standard for pleading, the question is whether the opposing party can ascertain from the pleading the nature and basic issues of the controversy and what evidence will be relevant so as to prepare a defense. *Horizon/CMS*

---

[1]  *Plascencia v. State Farm Lloyds,* No. 4:14-CV-524-A (N.D. Tex. Sept. 25, 2014) (D.E. 5-1); *Davis v. Metropolitan Lloyds Ins. Co. of Tex.,* No. 4:14-CV-957-A, 2015 WL 456726 (N.D. Tex. Feb. 3, 2015); *Bart Turner & Assoc. v. Krenke,* No. 3:13-cv-2921-L, 2014 WL 1315896 (N.D. Tex. Mar. 31, 2014); *Sazy v. Depuy Spine, Inc.,* No. 3:13-CV-4379-L, 2014 WL 4652839, at *4 (N.D. Tex. Sept. 18, 2014).

*Healthcare Corp. v. Auld*, 34 S.W.3d 887, 896 (Tex. 2000). The "fair notice" requirement of Texas pleading relieves the pleader of the burden of pleading evidentiary matters with meticulous particularity. *E.g, Bowen v. Robinson*, 227 S.W.3d 86, 91 (Tex. App.—Houston [1st Dist.] 2006, pet. denied).

After reviewing the Plaintiff's Original Petition (D.E. 1–3), the Court is of the opinion that the pleading adequately informs Scottsdale and the Defendant Adjusters of the issues such that discovery can be conducted and evidence can be developed in a proper defense. It thus satisfies the Texas pleading requirements. If the pleading reveals a reasonable basis of recovery on one cause of action, the court must remand the entire suit to state court. *E.g., Gray ex rel. Rudd v. Beverly Enterprises—Miss., Inc.*, 390 F.3d 400, 412 (5th Cir. 2004). The Court rejects Defendants' second argument.

### D. The Adjusters' Conduct Is Allegedly Independent of Defendant Scottsdale's Conduct.

Scottsdale relies on *Plascencia v. State Farm Lloyds*, No. 4:14-CV-524-A (N.D. Tex. Sept. 25, 2014) (D.E. 5-1) (unpublished) as an analogous case supporting removal. However, *Plascencia* is substantially distinguishable. First, the opinion applies federal pleading standards after finding, contrary to this Court's holding above, that Texas Rule 91a essentially "moots" the question whether state or federal law applies to the question of how to evaluate pleadings with respect to factual specificity. As a result, the *Plascencia* court treated the "fair notice" allegations against the non-diverse defendant as failing the factual specificity test of federal rules.

Second, the non-diverse defendant in *Plascencia* was an employee of the insurance carrier rather than a separate defendant which triggers an analysis independent of a carrier's contractual duty to pay a claim. Here, the Defendant Adjusters, who are not carrier employees, are claimed to have triggered damages where they, because they did not issue the policy, otherwise have no obligation to pay. Third, and most striking, the *Plascencia* court held that the joinder of the carrier's non-diverse agent was fraudulent in the sense that the plaintiff had included him using boilerplate language, failed to differentiate his liability from his employer's in the pleading, and made no serious attempt to serve him with summons. In other words, that plaintiff's only purpose in joining the carrier's investigating agent was to defeat removal. Scottsdale has not demonstrated that this case presents the same concerns. Indeed, non-diverse Defendants Wardlaw Claims Service, LLP and Michael Clark have been fully joined, have appeared, and have answered. D.E. 1-4, 1-5.

Plaintiff has made serious allegations of intentional and fraudulent conduct against the Defendant Adjusters, including a conspiracy with Scottsdale to underpay claims on a routine basis. While it remains to be seen whether Plaintiff is able to prove the truth of his allegations, the Court does not view them as "minimal" or as failing to support the separate liability of the Defendant Adjusters.

**E. Bona Fide Dispute**

Scottsdale suggests that this action presents nothing more than a "bona fide dispute" over the scope of coverage or the amount of Plaintiff's loss. Included is the representation that Scottsdale clearly had a "reasonable" basis for denying a claim. This

is not an accurate construction of Plaintiff's pleading. The claims include knowing and intentional conduct designed to permit Scottsdale to underpay claims on a regular basis. If the allegations are proven, the fact that Scottsdale relies on its adjusters to deny claims inculpates Scottsdale rather than exculpates it. Therefore, its assertion that this is merely a difference of opinion regarding the amount of a covered loss does not eliminate the potential liability of the Defendant Adjusters. In other words, Plaintiff has alleged that Scottsdale's dispute of his claim is not "bona fide." The Court rejects Scottsdale's argument that this case is merely a matter of a bona fide dispute.

### F. Economic Loss and Independent Injury Rules

Last, Scottsdale argues that Plaintiff's claims against Defendant Adjusters are barred by the economic loss doctrine and independent injury rule because Plaintiff has not alleged damages beyond those damages that arise from the wrongful denial of policy benefits. Scottsdale relies on *Provident American Insurance Company v. Castaneda*, 988 S.W.2d 189 (Tex. 1998) and its progeny. *Castaneda* and *Parkans International LLC v. Zurich Insurance Company*, 299 F.3d 514, 519 (5th Cir. 2002), are logically and factually distinguishable.

The most readily apparent distinction is that *Castaneda* and *Parkans*, like *JAW*, involved claims against the insurance carrier, not the adjusters. All involved what the court found to be "reasonable" differences of opinion on coverage. In *Castaneda*, the court wrote, "Here, there is no evidence that Provident American ignored information that would lead a reasonable person to conclude that liability under the policy was

reasonably clear or that there was no reasonable basis to deny the claim." 988 S.W.2d at 198.  Primarily for that reason that plaintiff was not permitted to recover.

In marked distinction, Plaintiff here alleges that it was abundantly clear that there was coverage and that certain categories of losses were covered, but—regardless—the claim was at least partially denied as part of a fraudulent business method.  Therefore, the actionable conduct implicates more than mere differences of reasonable opinions regarding policy benefits.  And it causes damages that are not measured only by contractually-owed policy benefits because adjusters are not ordinarily liable for those benefits.  Consequently, the economic loss and independent injury rules do not eliminate Plaintiff's claims against the Defendant Adjusters before they have an opportunity to present their evidence.

For these reasons, the improper joinder challenge is rejected, the Motion to Remand (D.E. 4) is GRANTED, and the Court ORDERS this action be remanded to the Judicial District Court of Jim Wells County, Texas, the court from which it was removed.

ORDERED this 16th day of June, 2015.

_____
NELVA GONZALES RAMOS
UNITED STATES DISTRICT JUDGE